1  **THORNDAL, ARMSTRONG, DELK,**
   **BALKENBUSH & EISINGER**
2  Michael P. Lowry, Esq.
   Nevada Bar #10666
3  P.O. Drawer 2070
   Las Vegas, Nevada  89125-2070
4  Phone: (702) 366-0622
   Fax: (702) 366-0327
5  Email:  mlowry@thorndal.com
   *Attorney for Defendant*
6  *Dollar Tree Stores, Inc.*

7                   UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9
   MARGARET SNOVITCH,
10                                    CASE NO.:  2:12-cv-02200-MMD-CWH

11          Plaintiff,

12  vs.                               **PROTECTIVE ORDER**

13  DOLLAR TREE STORES, INC., DOES I-V;
    and ROE CORPORATIONS I-V, inclusive,
14

15          Defendants.

16          By signing this Protective Order, the parties have agreed to be bound by its terms and to

17  request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

18  **I.      DISCOVERY PHASE**

19          A.      If a party or an attorney for a party has a good faith belief that certain documents

20  or other materials (including digital information) subject to disclosure pursuant to a discovery or

21  other request, are confidential and should not be disclosed other than in connection with this

22  action and pursuant to this Protective Order, the party or attorney shall mark each such document

23  or other material as "**CONFIDENTIAL.**"

24          B.      If a party or an attorney for a party disputes whether a document or other material

25  should be marked "**CONFIDENTIAL,**" the parties and/or attorneys shall attempt to resolve the

26  dispute between themselves. If they are unsuccessful, the party or attorney challenging the

27  "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

28  . . .

                                        -1-

C.     No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.     Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

E.     If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    1.     Provide a copy of this Protective Order to the person to whom disclosure is made;

    2.     Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    3.     Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

    4.     Instruct the person to whom disclosure is made to return or destroy any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;

    5.     Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and

    6.     At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and irrevocably destroy them.

. . .

. . .

## II.   POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

| | |
|---|---|
| Dated this 14th day of January, 2013. | Dated this 14th day of January, 2013. |
| GLEN LERNER INJURY ATTORNEYS | THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER |
| /s/ Adam D. Smith, Esq. | /s/ Michael P. Lowry, Esq. |
| _____ | _____ |
| Corey M. Eschweiler, Esq.<br>Nevada Bar No. 6635<br>Adam D. Smith, Esq.<br>Nevada Bar No. 9690<br>4795 South Durango Drive<br>Las Vegas, NV 89147<br>*Attorneys for Plaintiff*<br>MARGARET SNOVITCH | Michael P. Lowry, Esq.<br>Nevada Bar No. 10666<br>P.O. Drawer 2070<br>Las Vegas, NV 89125<br>*Attorneys for Defendant*<br>DOLLAR TREE STORES, INC. |

IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED: January 31, 2013