THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER
Michael P. Lowry, Esq.
Nevada Bar #10666
P.O. Drawer 2070
Las Vegas, Nevada 89125-2070
Phone: (702) 366-0622
Fax: (702) 366-0327
Email: mlowry@thorndal.com
*Attorney for Defendant*
*Dollar Tree Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARGARET SNOVITCH,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC., DOES I-V;
and ROE CORPORATIONS I-V, inclusive,

    Defendants.

CASE NO.: 2:12-cv-02200-MMD-CWH

**PROTECTIVE ORDER**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I. DISCOVERY PHASE**

    A.    If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    B.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

. . .

C. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

E. If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return or destroy any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and
6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and irrevocably destroy them.

. . .

. . .

## II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

| | |
|---|---|
| Dated this 14th day of January, 2013. | Dated this 14th day of January, 2013. |
| GLEN LERNER INJURY ATTORNEYS | THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER |
| /s/ Adam D. Smith, Esq. | /s/ Michael P. Lowry, Esq. |
| Corey M. Eschweiler, Esq.<br>Nevada Bar No. 6635<br>Adam D. Smith, Esq.<br>Nevada Bar No. 9690<br>4795 South Durango Drive<br>Las Vegas, NV 89147<br>*Attorneys for Plaintiff*<br>MARGARET SNOVITCH | Michael P. Lowry, Esq.<br>Nevada Bar No. 10666<br>P.O. Drawer 2070<br>Las Vegas, NV 89125<br>*Attorneys for Defendant*<br>DOLLAR TREE STORES, INC. |
| | IT IS SO ORDERED.<br><br>_____<br>United States Magistrate Judge<br>DATED: January 31, 2013 |